■   In the Matter of the Estate of PHILIP HERWIG, Deceased. WILLIAM BEHRENS, Appellant; OTTO P. BURKARD, as Executor of PHILIP HERWIG, Deceased, et al., Respondents.— In a proceeding to discover property alleged to be wrongfully withheld from executors by one, William Behrens, a claimant thereto, said claimant appeals from a decree of the Surrogate's Court, Kings County, entered January 15, 1962 which, *inter alia,* confirmed the report of a Referee rendered after hearings before him; adjudged that the balance and accumulated interest in a specified savings account belonged solely to the decedent's estate; ordered said claimant to deliver the bankbook to the petitioner; and directed the bank to pay the moneys in said account plus interest to the executors of the decedent's estate. Decree affirmed, with costs to the executors payable by the claimant (*Matter of Creekmore,* 1 N Y 2d 284; cf. *Matter of Sullivan,* 6 A D 2d 970). Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■   RACHEL E. KAUTZMAN, as Administratrix of the Estate of JAMES E. KAUTZMAN, Deceased, Appellant, v. WILLIAM D. B. FERRIS et al., Respondents. BETTY B. SCOUTTEN, as Administratrix of the Estate of DOUGLAS SCOUTTEN, Deceased, Appellant, v. WILLIAM D. B. FERRIS et al., Respondents.— In consolidated actions to recover damages for wrongful deaths, the plaintiffs appeal from an order of the Supreme Court, Putnam County, entered May 28, 1963, which denied their motion to vacate the settlement of the actions and to restore the actions to the Trial Term Calendar. The actions were struck from the calendar as the result of an alleged settlement. Order reversed, without costs and motion granted; the purported stipulation of settlement is vacated and the Calendar Clerk is directed to restore the actions to their former position on the calendar upon being served with a copy of the order entered hereon. Under all the circumstances, it is our opinion that the settlement, if there were such, should be vacated, and that the actions should be restored to the calendar for further proceedings (cf. *Accarino* v. *Hirsch,* 6 A D 2d 795; *Rosen* v. *Grand,* 6 A D 2d 799). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.